1 | Mark W. Robertson (S.B. #200220)
mrobertson@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kelly S. Wood (S.B. # 267518)
kwood@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendant
ENVOY AIR INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIANNA CAMACHO PIETRI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENVOY AIR, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 24-1607<br><br>**DEFENDANT ENVOY AIR INC.'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Declaration of Erica Hernandez; Corporate Disclosure Statement; and Civil Cover Sheet]<br><br>(28 U.S.C. §§ 1332(d) and 1441(a))<br><br>(Sacramento County Superior Court Case No. 23CV005922) |

NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:**

Pursuant to 28 U.S.C. § 1446(a), Defendant Envoy Air Inc. ("Envoy") invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441(a) and states the following ground for removal:

1. On or about August 2, 2023, Plaintiff Brianna Camacho Pietri ("Plaintiff") filed a Class Action Complaint against Envoy (the "Complaint") in the Superior Court of the State of California, County of Sacramento, styled and captioned as above. A true and correct copy of the Complaint is attached as **Exhibit A**. The matter was given Case No. 23CV005922 and assigned to Judge Jill Talley in Department 23.

2. More than a year later, on November 18, 2024, Plaintiff served Envoy with the Complaint. (**Exhibit A**, Declaration of Erica Hernandez ("Hernandez Decl.") ¶ 4.) On December 18, 2024, Envoy filed an Answer and General Denial in response to Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit P**. Pursuant to 28 U.S.C. §1446(a), attached as **Exhibits A-P** are copies of all process, pleadings, and orders served in the state court action.

3. Envoy has not secured the assent of the Doe Defendants, if any, before removing this action because, to its knowledge, the Doe Defendants have not been served and have not voluntarily appeared in this action. (*See* Hernandez Decl. ¶ 5.)

4. This Notice of Removal is filed within 30 days of service of the Complaint upon Envoy on November 18, 2024, and, as no other defendants have been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the Complaint upon the first defendant has been satisfied. (Hernandez Decl. ¶ 5.)

5. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because it is the district and division embracing the place where the state court action is

pending.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and a copy filed with the Clerk of Court for Department 23 of the Superior Court of the State of California, County of Sacramento.

7. This case is purportedly brought as a civil class action for damages and/or penalties under the California Labor Code and the California Business and Professions Code, and applicable provisions of the Industrial Welfare Commission ("IWC") Wage Orders, by Plaintiff on behalf of herself and other putative class members. In the Complaint, Plaintiff brings claims against Envoy for its alleged failure to pay overtime wages, failure to timely pay wages upon separation from employment, and failure to provide accurate itemized wage statements. Plaintiff also alleges that Envoy committed acts of unfair competition as defined by the California Unfair Business Practices Act, Cal. Bus. And Prof. Code § 17200, *et seq*. Based on the allegations in the Complaint and on behalf of herself and the putative class members, Plaintiff seeks "unpaid overtime, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit" pursuant to the Labor Code, California Business and Professions Code, and provisions of the applicable IWC Wage Order.

8. Plaintiff defines the first putative class as the "REGULAR RATE CLASS," which includes "[a]ll of Defendant's current and former non-exempt California employees who earned any non-discretionary incentive pay, including without limitation, 'Premiums,' covering the same time period in which the employee was also paid overtime wages at any time from August 2, 2019, through the present." (Compl. ¶ 17.)

9. Plaintiff defines the second putative class as the "WAGE STATEMENT CLASS," which includes "[a]ll of Defendant's current and former non-exempt California employees whom Defendant paid any premium wages, including without

limitation, 'Min Wage Prm,' 'OT Prem,' 'Dt Prem,' and/or 'Hw Prem,' at any time from August 2, 2022, through the present." (*Id.*)

10. Plaintiff alleges in her First Cause of Action that Envoy violated California Labor Code §§ 201-204, 510, 558, and 1194 and the applicable IWC Wage Orders. (Compl. ¶¶ 29-33.) Plaintiff alleges that Envoy had a policy and practice of failing to (1) pay Plaintiff and putative class members in the REGULAR RATE CLASS overtime properly and (2) factor additional non-discretionary incentive pay, including Premiums, into the regular rate of pay for purposes of calculating overtime pay. Plaintiff also alleges that Envoy failed to provide Plaintiff and putative class members in the REGULAR RATE CLASS all wages due upon separation from employment.

11. Plaintiff alleges in her Second Cause of Action that Envoy violated California Labor Code § 226 by failing to provide Plaintiff and putative class members in the REGULAR RATE and WAGE STATEMENT CLASSES accurate, itemized wage statements with each payment. (Compl. ¶¶ 34-36). Plaintiff alleges that in addition to listing inaccurate overtime rates of pay, Envoy did not identify the applicable rate and hours for "Min Wage Prm," "Ot Prem," "Dt Prem," and/or "Hw Prem" wages.

12. Plaintiff alleges in her Third Cause of Action that Envoy violated California Business and Professions Code §§ 17200, *et seq.* by violating the provisions of the California Labor Code and applicable IWC Wage Orders described above, including failing to pay owed overtime, thereby injuring Plaintiff and putative class members of the REGULAR RATE CLASS. (Compl. ¶¶ 37-41).

13. Envoy denies liability on all claims alleged in this action, denies that class certification is proper, and reserves all rights in these regards. For the purposes of meeting the jurisdictional requirements of removal only, however, Envoy submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because

this is a putative class action in which: (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff, have a different citizenship from one or more defendants; (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs; and (d) no exceptions to CAFA apply.

## I. CAFA JURISDICTION.

### A. Plaintiff's Proposed Class Consists of More than 100 Members.

14. For CAFA jurisdiction to attach, the number of putative class members of Plaintiff's proposed classes in the aggregate must equal or exceed 100. 28 U.S.C. § 1332(d)(5)(B).

15. According to Envoy's personnel and payroll records, Envoy employed the following number of non-exempt employees in California in each of the relevant years:

   590 as of August 2, 2019
   589 as of August 2, 2020
   965 as of August 2, 2021
   1,145 as of August 2, 2022
   1,433 as of August 2, 2023
   1,508 as of August 2, 2024.

(Hernandez Decl. ¶ 7.)

16. Thus, while Envoy denies that class treatment is permissible or appropriate, the number of putative class members in the classes proposed by Plaintiff exceeds 100.

### B. Diversity of Citizenship Is Established.

17. Diversity of citizenship is established pursuant to 28 U.S.C. § 1332(d)(2) because members of the class are citizens of California, and Envoy is not a citizen of California. (*See* Compl. ¶¶ 8, 17; Hernandez Decl. ¶¶ 2-3.)

18. According to her Complaint, Plaintiff worked for Envoy—and presumably resides—in Sacramento County, California. (Compl. ¶ 8.) Plaintiff's domicile is California, and Plaintiff is therefore a citizen of California for diversity of citizenship purposes. *See Morris v. Gilmer*, 129 U.S. 315, 328-29 (1889).

19. As detailed above, Plaintiff seeks to represent two classes of California employees. (Compl. ¶ 17.)

20. Pursuant to 28 U.S.C. § 1332(d)(2)(A), for the purposes of CAFA, federal district courts "have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"

21. At the time this action was filed and presently, Envoy was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Irving, Texas. (Hernandez Decl. ¶¶ 2-3.)

22. A company's principal place of business is the company's "nerve center"—*i.e.*, where the company's high level officers direct, control, and coordinate the company's activities. *Hertz v. Friend*, 559 U.S. 77, 80-81 (2010). Envoy's corporate offices – as well as its administrative, executive, and support functions – are centralized in Irving, Texas, and the company controls and directs its nationwide operations from Texas. (Hernandez Decl. ¶ 3).

23. Accordingly, Envoy is, for the purposes of removal and pursuant to 28 U.S.C. § 1332(c), both a citizen of Delaware and Texas. (*Id.*)

24. The Complaint names 50 "Does" as defendants. For the purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

25. Because Plaintiff is a citizen of California who sues on behalf of a California class, while Envoy is a citizen of Delaware and Texas, at least one, if not

all, putative class members and Envoy are diverse from one another. Thus, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### C. The Aggregate Amount-in-Controversy Exceeds $5,000,000.

26. Although Envoy contends that Plaintiff's claims are without merit and that neither Plaintiff nor putative class members are entitled to money or can recover money in any amount, Envoy avers, for purposes of meeting the jurisdictional requirements of removal only, that the amount in controversy in this case exceeds the sum or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2).

27. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more likely than not that the plaintiff's claims, if found valid, exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2010). Here, Plaintiff's state court Complaint states that Plaintiff seeks to recover "unpaid overtime, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit" pursuant to the Labor Code, California Business and Professions Code, and provisions of the applicable IWC Wage Order. (Compl. ¶ 26.) It also states that the amount sought is "over $25,000.00." (Caption of Compl.) Because the Complaint is silent as to the exact amount sought, the preponderance of the evidence standard applies to determine whether the amount in controversy meets the jurisdictional minimum.

28. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that Plaintiff and putative class members will prevail on each and every one of their claims. *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). "The removing party's burden is 'not daunting,' and defendants

are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id*.

### i. Unpaid Overtime Wages

29. Plaintiff alleges in her First Cause of Action that Envoy violated California Labor Code §§ 510, 558, and 1194 and the applicable IWC Wage Orders. (Compl. ¶¶ 29-32.) Plaintiff alleges that Envoy has a policy and practice of failing to (1) pay Plaintiff and putative class members in the REGULAR RATE CLASS overtime properly and (2) factor additional non-discretionary incentive pay, including Premiums, into the regular rate of pay for purposes of calculating overtime pay. Plaintiff seeks "the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys' fees, and costs of suit." (Compl. ¶ 32.)

30. Courts in this circuit regularly find that it is reasonable for a defendant to assume a violation rate of 25 to 60 percent for purposes of calculating the amount in controversy based on a plaintiff's allegations that defendant had a "pattern and practice" of violating the provision at issue. *E.g., Bulnes v. Suez WTS Servs. USA, Inc.*, No. 22-cv-01154-BAS-AHG, 2023 WL 2186431, at *4 (S.D. Cal. Feb. 23, 2023) (collecting cases and concluding that a 40 percent violation rate was reasonable when estimating unpaid overtime wages to determine the CAFA amount in controversy); *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2022 WL 1210402, at *4 (N.D. Cal. Apr. 25, 2022) (noting that "District courts in this circuit have found violation rates ranging from 20% to 60% [to be] appropriate"). Based on Plaintiff's allegation that Envoy had a "policy and practice" of not paying the Class overtime wages, it is reasonable to assume that each of Envoy's non-exempt employees in the state of California worked *at least* one hour of unpaid overtime per week, i.e., a 20 percent violation rate.

31. Accepting Plaintiff's allegations as true, as required when calculating the amount in controversy, Plaintiff and the REGULAR RATE CLASS seek

overtime wages in the amount of $1,361,939. This amount is calculated by multiplying the number of workweeks for each of Envoy's California non-exempt employees between August 2, 2019 and December 18, 2024—which include an average of 49 work weeks for the Class Period plus the 19 workweeks that have passed since August 2, 2024—(264 workweeks) by the average number of non-exempt California employees (1,038) that Envoy employed during that period for a total of 274,032 aggregate workweeks (264 workweeks x 1,038 employees = 274,032 workweeks). (*See* Hernandez Decl. ¶ 7.) Assuming that any premiums equal a quarter of the average straight time hourly rate and each REGULAR RATE CLASS member worked one hour of overtime per workweek, but was paid straight time for those hours, the estimated average premium of $4.97 would be owed (the average straight time hourly rate of $19.87 / 4), the result is $ 4.97 x 274,032 workweeks x 1 hour = $ 1,361,939. (*Id.* ¶ 9.)

### ii. California Labor Code Section 203 Waiting Time Penalties

32. Plaintiff also alleges in her First Cause of Action that Envoy violated California Labor Code §§ 201, 202, and 203 by failing to pay Plaintiff and putative class members in the REGULAR RATE CLASS wages due and owing to them. (Compl. ¶ 33). California Labor Code section 203 provides that, "[i]f an employer willfully fails to pay, without abatement or reduction … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid … but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). Plaintiff alleges that Envoy failed "to provide all wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code §§ 201-203." (Compl. ¶ 33.)

33. Plaintiff's claim for waiting time penalties pursuant to California Labor Code section 203 puts into controversy a minimum of $9,404,203. At least 1,981 non-exempt California employees were terminated by, resigned from, or retired from Envoy since the start of the Class Period on August 2, 2019. (Hernandez Decl. ¶ 8.) The weighted average hourly rate for employees from August 2, 2019 to the present is $19.78. Assuming each separated Class member was owed wages for which he or she was not paid, as Plaintiff alleges, each separated Class member would be entitled to 30 days of wages, equaling $9,404,203 ($19.78 x 8 hour day = $158.24 per day; $158.24 x 30 days = $4,747.20 per employee x 1,981 employees = $9,404,203).[1] (*Id.* ¶ 10.)

          iii. *California Labor Code Section 226 Wage Statement Penalties*

34. Plaintiff's second cause of action seeks penalties under California Labor Code § 226(a) for Envoy's alleged failure to provide Plaintiff and the REGULAR RATE AND WAGE STATEMENT CLASSES with accurate itemized wage statements. California Labor Code section 226(a) provides that, "[a]n employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee … an accurate itemized statement in writing showing … gross wages earned." An employee may recover $50 for the first pay period in which a violation occurs and $100 for each subsequent violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee. Cal. Lab. Code § 226(e). Plaintiff alleges that Envoy failed to provide accurate and itemized wage statements during the Class Period because it failed to account for the allegedly unpaid overtime wages due to Plaintiff and the Class on their wage statements. (Compl. ¶ 35.) Additionally, Plaintiff alleges Envoy did not identify the applicable rate and hours

---

[1] Courts in this circuit regularly find a 100% violation rate for waiting time penalties reasonable because it assumes that all terminated class members were not paid wages owed to them at least one time during the entire class period. *E.g., Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) ("Because no averment in the complaint supports an inference that [the unpaid wages] were ever paid, [plaintiff] cannot now claim class members may be awarded less than the statutory maximum.").

for "Min Wage Prm," "Ot Prem," "Dt Prem," and/or "Hw Prem" when these wages were paid. (*Id.*) Plaintiff therefore asserts that she and the REGULAR RATE AND WAGE STATEMENT CLASSES are entitled to penalties under Section 226(a).

35. Plaintiff's claim for penalties under California Labor Code section 226 puts into controversy a minimum of $4,152,000. Assuming at least one error on each Class member's wage statement per pay period for a one-year period, the initial violation would result in a penalty of $51,900 ($50 x 1,038 employees). (Hernandez Decl. ¶ 8.) Each subsequent pay period during the one-year statutory period would result in a penalty of $103,800 ($100 x 1,038 employees = $103,800). For the 48 pay periods remaining in the year after the initial pay period, the penalties would total $4,982,400 (48 pay periods x $103,800 = $4,982,400), or $4,800 per employee. As the maximum aggregate penalty per employee should not exceed $4,000 under Cal. Lab. Code § 226(e), the aggregate penalties total $4,152,000 ($4,000 x 1,038 employees).

### viii.   Attorneys' Fees

36. As set forth above, Plaintiff's claims for damages and penalties, taken together, put into controversy a minimum of $14,918,142 ($1,361,939 + $9,404,203 + $4,152,000 = $14,918,142).

37. Moreover, these penalties do not take into account the attorneys' fees sought by Plaintiff, which is appropriately considered in determining the amount in controversy. (Compl. ¶ 26.) *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Indeed, Plaintiff expressly seeks such attorneys' fees in her Complaint. (Compl. ¶¶ 25, 32, 36.) "It is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees,'" and courts have found that "it is not unreasonable for [a defendant] to rely on this estimate" for purposes of removal. *Jasso v. Money Mart*

*Exp., Inc.*, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012). Under this metric, attorney's fees for Plaintiff's claims for damages and penalties equals $3,729,535 (25% x $14,918,142). Accordingly, with attorneys' fees, the total amount at issue is $18,647,677.

38. In sum, while Envoy contends that Plaintiff's claims have no merit and cannot be certified for class treatment, the jurisdictional threshold under CAFA is satisfied and removal is proper because the amount in controversy in this action is well above $5,000,000. *See* 28 U.S.C. § 1332(d).

### D. No CAFA Exception Applies.

39. While CAFA contains certain jurisdictional exceptions, none apply here.

40. The "Local Controversy Exception" does not apply because Envoy, the only named Defendant, is not a citizen of California, the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

41. The "Home State Exception" also does not apply because Envoy, the sole and primary named defendant, is not a citizen of California, the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B).

42. Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. § 1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

### VENUE.

43. Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of Sacramento and, pursuant to 28 U.S.C. §§ 84(a) and 1446 (a), (b) and (c), may be removed to this United States District Court for the Eastern District of California, which embraces Sacramento County within its jurisdiction.

### PROCEDURAL REQUIREMENTS.

44. Envoy satisfies the procedural requirements for removal.

45. Pursuant to 28 U.S.C. § 1441(a), Envoy has removed this case to the district and division embracing the place where the state court action is pending.

46. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the state court action are attached as Exhibits A-P.

47. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it was filed within 30 days of service of the Complaint on Envoy.

48. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and a copy filed with the Clerk of Court for Department 23 of the Superior Court of the State of California, County of Sacramento.

**CONCLUSION.**

For these reasons, pursuant to 28 U.S.C. §§ 1332(d), this state court action may be removed to federal district court, and Envoy respectfully gives notice of and removes this action to this Court.

Dated: December 18, 2024                O'MELVENY & MYERS LLP
                                        KELLY S. WOOD
                                        MARK W. ROBERTSON

                                        By:   */s/ Kelly S. Wood*
                                                    Kelly S. Wood

                                        Attorneys for Defendant
                                        ENVOY AIR INC.